ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

NOV 24 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JIMMY CLEMENTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | No. _____ |
| CSX TRANSPORTATION, INC., ) | |
| ) | 3:09-CV-122 JTC |
| Defendant. ) | |
| ) | |
| _____ ) | |

# COMPLAINT

Plaintiff, by and through counsel, files his Complaint and alleges against Defendant as follows as follows:

### The Parties, Jurisdiction and Venue

1. Plaintiff is a resident of Georgia and, at all times material to this action, was an employee of Defendant CSX Transportation, Inc. ("CSXT").

2. Defendant is a railroad corporation incorporated in the State of Virginia with its principal place of business in the State of Florida. Defendant is engaged in interstate commerce in the Northern District of Georgia and has offices, agents,

and carries on significant operations in the Northern District of Georgia. Its divisional headquarters is located in Atlanta, Fulton County, Georgia.

3. Defendant maintains and operates rail lines, tracks, locomotives and rail cars in the Northern District of Georgia.

4. Pursuant to 45 U.S.C. § 56, Defendant resides in the Northern District of Georgia and in each of its divisions.

5. Defendant maintains a registered agent in Gwinnett County, Georgia, which is in the Northern District of Georgia, and is subject to the jurisdiction of this Court.

6. This Court has subject matter jurisdiction over Plaintiff's claims.

7. Venue in this Court is proper.

## Facts

8. Plaintiff brings this action pursuant to 45 U.S.C. § 51, *et seq.*, commonly referred to as the Federal Employers' Liability Act ("FELA") and jurisdiction of

this Court is vested herein by virtue of the FELA at 45 U.S.C. § 56. Plaintiff avails himself of the rights, benefits, and immunities afforded him under FELA, including the right to maintain this action.

9. Defendant is an employer subject to the FELA.

10. Plaintiff files his claims within the applicable three year period of limitations provided by the FELA.

11. At all times relevant hereto, Plaintiff, as employee, and Defendant, as employer, were mutually engaged in acts and services substantially affecting interstate commerce.

12. Defendant has a non-delegable duty to provide Plaintiff with a reasonably safe place to work.

13. At all times relevant to this matter, including the date of the incident in issue, Defendant had the duty to make sure that its employees were properly qualified and certified to operate its equipment, including but not limited to locomotives.

14. On or about August 8, 2009, Plaintiff was an employee of Defendant CSXT, working as a freight conductor on CSXT Train Q60206. On or about said date, while performing his job activities for CSXT in the Plaintiff was injured as a result of the negligence of Defendant CSXT, its agents, and/or employees.

15. On or about August 8, 2009, while employed by Defendant and while in the regular course of his duties, Plaintiff was injured when the train on which he was riding and working, CSXT Train Q60206, collided head on with CSXT Train A75407.

16. On or about August 8, 2009, the engineer operating CSXT Train Q60206 was neither qualified nor certified to operate a locomotive engine, in violation of 49 CFR 240 *et seq*.

17. The failure to have a properly qualified and certified locomotive engineer operating CSXT Train Q60206 was negligence *per se* by CSXT and also constituted a failure to provide a reasonably safe place to work, in violation of the FELA, all of which caused or contributed to cause the head on collision and the Plaintiff's resulting injuries and damages.

18. The collision between CSXT Train Q60206 and CSXT Train A75407 was caused, either in whole or in part, by the negligent operation of CSXT Train Q60206 by the engineer who failed to keep a proper lookout for signals and/or failed to heed the signals presented.

19. It was foreseeable that the negligence and negligence *per se* of Defendant, as previously alleged, would cause the collision and Plaintiff's injuries and damages.

**Damages**

20. As a direct and proximate result of the collision, Plaintiff suffered serious personal injuries, including but not limited to injuries to his back. Plaintiff's injuries were caused by Defendant's negligence and/or negligence *per se*.

21. Plaintiff has suffered and will continue to suffer a loss of wages and benefits, including but not limited to health and welfare benefits, retirement and all future increases in the same.

22. As a direct and proximate result of his injuries caused by Defendant's negligence and/or negligence *per se*, Plaintiff has suffered and will continue to suffer pain and suffering of a physical, mental, and emotional nature, and a loss of enjoyment of life.

23. As a direct and proximate result of his injuries caused by Defendant's negligence and/or negligence *per se*, Plaintiff has incurred and will continue to incur medical expenses in the future.

    **WHEREFORE**, Plaintiff prays for the following:

a.    Trial by jury;

b.    Judgment in his favor and against CSX TRANSPORTATION, INC. in an amount to be shown by the evidence at the time of trial;

c.    All costs of Court to be cast against Defendant; and

d.    Such other and further relief as this Court deems just and equitable.

                        **COOK, HALL & LAMPROS, LLP**

                        By:   /s/ Andrew Lampros
                              Andrew Lampros, Esq.
                              Ga. Bar #432328
                              Attorney for Plaintiff

-7-

Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 876-8100